Copies Mailed/Faxed 9-7-21
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
   DITECH FINANCIAL LLC,
                      Plaintiff,
v.

   LARRY C. PIROZZI,
                      Defendant.
--------------------------------------------------------------x

**ORDER**

19 CV 7326 (VB)

      Plaintiff Ditech Financial LLC, commenced this action against defendant Larry C. Pirozzi, who is proceeding pro se, seeking to foreclose a mortgage encumbering real property commonly known as 135 Peenpack Trail, Huguenot, NY 12746. Defendant has appeared in this action, filed an answer, and asserted certain affirmative defenses. (Doc. #12).

      Plaintiff filed a motion for summary judgment. (Doc. #41). With its motion, plaintiff filed and served on defendant a notice of motion, a memorandum of law, and affidavits with exhibits. (Docs. ##41–45). However, plaintiff did not file either a statement of undisputed material facts, as required by Local Civil Rule 56.1, or a Notice to Pro Se Litigant Who Opposes a Motion For Summary Judgment, as required by Local Civil Rule 56.2.

      "[I]t is not obvious to a layman that when his opponent files a motion for summary judgment supported by affidavits he must file his own affidavits contradicting his opponent's if he wants to preserve factual issues for trial." Vital v. Interfaith Med. Ctr., 168 F.3d 615, 620 (2d Cir. 1999). Accordingly, "[t]he failure of a district court to apprise pro se litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal." Id. Even when a motion for summary judgment is unopposed, the Second Circuit has vacated judgment entered against a pro se litigant because of the movant's failure to comply with Local Civil Rule 56.2. See, e.g., Ruotolo v. I.R.S., 28 F.3d 6, 8–9 (2d Cir. 1994) (per curiam); see also, e.g., Nationstar Mortgage, LLC v. Hunte, 775 F. App'x 20, 21–22 (2d Cir. 2019) (summary order) (vacating judgment entered against pro se defendant in mortgage foreclosure action when defendant was not provided with appropriate notice).

      Local Civil Rule 56.2 places the responsibility of informing pro se litigants about the consequences of summary judgment on the represented movant. Rule 56.2 states:

> Any represented party moving for summary judgment against a party proceeding pro se **shall** serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion for Summary Judgment" with the full texts of Fed. R. Civ. P. 56 and Local Civil Rule 56.1 attached. Where the pro se party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

Local Civil Rule 56.2 (emphasis added).

Plaintiff is a represented party who has moved for summary judgment against defendant. Defendant is proceeding <u>pro se</u>. But plaintiff has failed to serve defendant with the notice required by Local Civil Rule 56.2. Thus, the Court cannot grant plaintiff's motion for summary judgment. To do so would constitute reversable error. Plaintiff's motion for summary judgment must be DENIED WITHOUT PREJUDICE.

In addition, Local Civil Rule 56.1 states "there <u>shall</u> be annexed to the notice of [a motion for summary judgment] a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. <u>Failure to submit such a statement may constitute grounds for denial of the motion</u>." Local Civil Rule 56.1 (emphasis added). Plaintiff's failure to file a statement of undisputed material facts provides an independent procedural basis upon which plaintiff's motion should be denied. If plaintiff chooses to re-file its motion for summary judgment, it <u>shall</u> annex to its notice of motion a statement of undisputed material facts as required by Local Civil Rule 56.1. Compliance with the Local Civil Rules is not optional.

To be clear, the Court expresses no opinion whatsoever on the merits of plaintiff's motion for summary judgment. The Court only finds plaintiff's motion must be denied in light of the two procedural deficiencies discussed in this Order.

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's motion for summary judgment is DENIED WITHOUT PREJUDICE.

2. Plaintiff shall file a second motion for summary judgment by **October 7, 2021**, if at all. Plaintiff is reminded of its obligation to serve all documents upon defendant and to comply with all applicable Local Civil Rules.

3. The Clerk is instructed to terminate the motion. (Doc. #41).

4. Chambers will mail and email a copy of this Order to plaintiff at the addresses listed on the docket.

Dated: September 7, 2021
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge