UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DITECH FINANCIAL LLC,

    Plaintiff,

vs.

LARRY C. PIROZZI,

    Defendant.

-------------------------------------------------------------X

DOCKET NO.: 19-CV-7326-VLB

**JUDGMENT OF FORECLOSURE AND SALE**

MORTGAGED PROPERTY:
135 PEENPACK TRAIL
HUGUENOT, NY 12746

COUNTY: PUTNAM

SBL#: Section 38,
Block 1, Lot 62.3

Servicer: Select Portfolio Servicing, Inc.
Servicer Telephone: 800-258-8602

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/8/22

Copies Mailed/Faxed 8/8/22
Chambers of Vincent L. Briccetti

On the Summons in a Civil Action (the "Summons") and Complaint (the "Complaint") filed herein on August 6, 2019, which was refiled on August 23, 2019, the Notice of Pendency filed in the Orange County Clerk's office on August 27, 2019, and upon the Stipulation Consenting to Entry of Judgment of Foreclosure and Sale executed by counsel for plaintiff Ditech Financial, LLC, and defendant LARRY C. PIROZZI, whereby it was stipulated that defendant LARRY C. PIROZZI would withdraw his answer, consent to the entry of a judgment of foreclosure and sale, and agreed that the amounts due and owing on the Note and Mortgage as of May 31, 2022 is $246,560.31,

NOW, upon application of **ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC**, attorneys for Plaintiff and upon due deliberation of this Court,

IT IS ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto be sold pursuant to this Judgment;

Together with all right, title, interest of the owner thereof, if any, in and to the land laying in the streets and road in front of the adjoining said premises, to the center line thereof;

Together with all fixtures and articles of personal property annexed to, installed in or used in connection with the mortgaged premises as more fully set forth in the aforementioned mortgage to be sold in one parcel subject to the following, any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, of any; zoning restrictions and any amendments thereto according to law now in force existing violations and order of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the United States District Court for the Southern District of New York, White Plains, U.S. Courthouse, 300 Quarropas Street, White Plains, New York 10601, by and under the direction of Melissa D. Mohan, Esq., 276 W. 15th Street, Deer Park, NY 11729 631-494-2100 who is hereby designated the Referee herein to sell the mortgaged premises in accordance with that purpose. That said Referee give public notice of the time and place of such sale in accordance with RPAPL 231 in The Times Herald Record; and it is further

ORDERED, ADJUDGED AND DECREED, that the caption be amended by substituting DLJ MORTGAGE CAPITAL, INC. in lieu of Plaintiff all without prejudice to the proceedings heretofore had herein; and it is further

ORDERED, ADJUDGED AND DECREED that the caption as amended shall read as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

DLJ MORTGAGE CAPITAL, INC.,

    Plaintiff,

    vs.

LARRY C. PIROZZI,

    Defendant.

----------------------------------------------------------X

and it is further

ORDERED, ADJUDGED AND DECREED, that the legal description annexed to the mortgage that is the subject of this action shall be reformed in a manner that is consistent with the deed dated December 20, 2011, and recorded in the Orange County Clerk's Office on April 1, 2022, which deed conveyed title to the property described as 135 Peenpack Trail, Huguenot, New York 12746 to LARRY C. PIROZZI; and it is further

ORDERED, ADJUDGED, AND DECREED that said Stipulation Consenting to Judgment of Foreclosure and Sale from which it appears that the sum of $246,560.31 was due on the subject Note and Mortgage as of May 31, 2022, be and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, that the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that the plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if plaintiff becomes such purchaser no deposit shall be required. That said Referee executed to the purchaser or purchasers on such sale a deed or deeds of the premises sold. All deed stamps, transfer taxes and recording fees, if any, shall be paid by the purchaser. That said Referee on receiving the proceeds of the sale, shall forthwith deposit the same in the name of the Referee, as Referee, in an IOLA account with an FDIC insured bank and provide counsel for Plaintiff with the name and location of said bank, and the Referee shall thereafter make the following payments therefrom and the Referee's checks drawn for such purpose shall be paid by such depository to wit:

FIRST: The Referee shall pay a sum not to exceed $750.00, the amount allowed by Section 8003 of the CPLR to the Referee as the Referee's fee herein.

SECOND: The Referee shall pay advertising expenses and the expenses of said sale as shown on the bills presented and certified by the said Referee to be correct.

THIRD: The Referee shall pay the amount of any lien or liens upon the premises to be sold at the time of sale such as taxes, assessments, water rates, sewer rates, together with such interest up to the date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments, water rates, and any sums expanded for the protection, preservation, security or maintenance of the property, including, but not limited to, fire insurance, and property inspections. The Referee shall pay or refund to the plaintiff, if paid by it, any of the aforementioned sums.

FOURTH: The Referee shall pay to the plaintiff or his attorney the sum of $8,687.50 for reasonable attorneys' fees and costs, which attorneys' fees and costs is inclusive of the sum of $246,560.31 that being the amount stipulated to be due and owing as memorialized in the Stipulation, together with interest at the contract rate thereof, from May 31, 2022 to the date of entry of judgment, and thereafter interest at the statutory rate thereon along with any advances incurred from May 31, 2022 provided for in the note and mortgage, which plaintiff has made for taxes, insurance, and any other charges due to prior mortgages, or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, to the date of the sale directed herein or to the date of the delivery of the Referee's Deed, whichever is later or so much thereof as the purchase money will pay of the same.

FIFTH: That, if the Referee intends to apply for a further allowance for the Referee's fee, the Referee may leave on deposit such amount as will cover further order of the Court thereon after application duly made.

SIXTH: The Referee shall pay to the Plaintiff, or its assigns, the sum due under its mortgage plus interest at the contract rate, or so much thereof, as the purchase money will pay of the same, plus escrow advances, legal fees and disbursements thereon and that the referee shall take an affidavit from Plaintiff or its representative setting forth the amount due thereunder and a receipt therefore and file it with the Referee's Report of Sale.

SEVENTH: That the said Referee take receipts for the money so paid out by the Referee and file the same with the Referee's Report of Sale and that the Referee deposit the surplus money, if any, with the Orange County Department of Finance within five days after the same shall be received and ascertainable to the credit of this action, to be drawn only on order of this Court, signed by a Justice thereof; and it is further

ORDERED, ADJUDGED AND DECREED that the said Referee make a Report of such sale and file it with the Clerk of the Court within 30 days of completing the sale and executing the proper conveyance to the purchaser, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED that, in the case the plaintiff shall be come the purchaser of the premises directed to be sold, as aforesaid, or in the event that the rights of the purchaser at said sale, and the terms of sale under this judgment shall be assigned to or acquired by the plaintiff, and a duly executed assignment thereof in writing be filed with the Referee, said Referee shall not require the plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND" AND "THIRD". Or in lieu of the payment of the said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. That the balance of the amount bid, if any, shall be allowed to the plaintiff, and applied by the paragraph marked "FOURTH" ABOVE. That if, after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the plaintiff, the plaintiff shall pay to the said Referee

upon deliver to it of the Referee's deed, the amount of such surplus, and the Referee shall then deposit the balance with such depository as herein directed, and it is further

ORDERED, ADJUDGED AND DECREED that the defendant in this action, and all persons claiming under them subsequent to the filing of the notice of pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged preemies and in each and every part and parcel thereof.

The following is a description of the premise heretofore mentioned"

(See Schedule "A" annexed hereto)

SAID preemies being known as and by the street number 135 PEENPACK TRAIL HUGUENOT, NY 12746, and it is further

ORDERED, ADJUDGED AND DECREED that the premises shall be sold subject to:

(a) The state of facts an accurate survey will show;

(b) All covenants, restrictions, easements, agreements and reservations, if any, of record and to any and all violations thereof.

(c) Any and all building and zoning regulations, restrictions and ordinances of the municipality in which said premises are situated, and to any violations of the same including, but not limited to, reapportionment of lot lines and vault charges, if any'

(d) Any and all orders or requirements issued by any governmental body having jurisdiction against or affecting said premises and violation of the same

(e) The physical condition of any building or structure on the premises as of the date of the later to occur of the closing date or the closing date hereunder

(f) Rights of tenants in possession, if any

(g) Prior mortgages and judgments, if any, now liens of record

(h) Rights of Redemption of the United States of America, if any

(i) Any and all Hazardous Material in the Premises including, but not limited to, flammable explosives, radioactive materials, hazardous wastes, asbestos or any material containing asbestos and toxic substances; and

(j) Other conditions as set forth in the terms of sale more particularly to be announced at the sale; and it is further

ORDERED, ADJUDGED, AND DECREED that if the Plaintiff becomes the purchaser at the sale, the closing of title shall be had thirty (30) days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED, AND DECREED that the defendant in this action, and all the persons claiming under them or any of either of them, after filing of the notice of pendency of this action, be and herby be forever barred and foreclosed of all right, title, claim, interest lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

ORDERED, ADJUDGED, AND DECREED that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose, any state of facts that an accurate survey of the premise would disclose, any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any; any building or zoning ordinances of the municipality in which the mortgaged premises is located and possible violation of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any. Except those liens addressed in section 1354 of the Real Property Action and Proceedings Law, any equity of redemption of the

UNITED STATES OF AMERICA to redeem the premises with 120 days from the date of sale.

DATED: August 8, 2022
       White Plains, New York

ENTER:

_____
Vincent L. Briccetti
United States District Judge

The Clerk is instructed to substitute plaintiff DLJ Mortgage Capital, Inc., for plaintiff Ditech Financial LLC, terminate the motion (Doc. #48), and close this case.

Chambers will mail a copy of this Judgment of Foreclosure and Sale to defendant at the address on the docket.

# Allodial Abstract of New York, LLC
**1555 Lake Shore Drive**
**Columbus OH 43204**

## SCHEDULE A – LEGAL DESCRIPTION

Section: 38 Block: 1 Lot: 62.3
Premises known as: 135 Peenpack Trail, Huguenot, NY 12746

**Legal Description:**
All that certain lot, piece or parcel of land, situate, lying and being in the Town of Deerpark, County of Orange, State of New York and being shown as Lot #3 on a filed map entitled "Minor Subdivision of Lands of Jeanne Marie Champagne" filed in the Orange County Clerk's Office on October 03, 1989 as Map #9662 and being more accurately bounded and described as follows:

Beginning at an iron pin set in the southeasterly line of Martin Road at the division line between Lot #3 and Lot #2; thence from the said point or place of beginning and following along the southeasterly line of Martin Road, North 51° 18' 00" East 224.62 feet to a point; thence along the southerly line of Peenpack Trail, South 76° 50' 30" East 194.88 feet to a point; thence along the line of Lot #3 of Filed Map #3748 being lands of Paret, South 15° 33' 20" East 175.50 feet to a found iron pipe; thence along the same and along Lot #7 of Filed Map # 3748, South 63° 58' 00" West 153.01 feet to a point; thence still along Lot #7, South 56° 28' 00" West 117.24 feet to a point; thence along Lot #8 of Filed Map # 3748, South 45° 35' 30" West 15.00 feet to an iron pin found; thence along the division line between Lot #3 and Lot #2, North 37° 39' 05" West 272.08 feet to the point or place of beginning.

**Easements, restrictions, etc.:** Subject to easements, conditions, and restrictions of record.